# Supreme Court of Florida

_____

No. SC19-1531

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF JUDICIAL ADMINISTRATION 2.420 — 2019 FAST-TRACK REPORT.**

October 3, 2019

PER CURIAM.

The Court has for consideration an amendment to Florida Rule of Judicial Administration 2.420(d) (Procedures for Determining Confidentiality of Court Records) proposed by The Florida Bar's Rules of Judicial Administration Committee (RJA Committee) in response to recent statutory amendments.  *See* Fla. R. Jud. Admin. 2.140(e)(1).  The Court has jurisdiction[1] and amends the rule as proposed by the RJA Committee and approved by the Executive Committee of the Board of Governors of The Florida Bar.

Subdivision (d)(1)(B)(i) of rule 2.420 currently lists "[c]hapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem,

---

1.  *See* art. V, § 2(a), Fla. Const.

child abuse, neglect, and abandonment" as information the clerk must designate and maintain as confidential and cites to sections 39.0132(3) and 39.0132(4)(a), Florida Statutes. The amendment to subdivision (d)(1)(B)(i) adds a reference to section 39.202, Florida Statutes, which prohibits the release of "the name of, *or identifying information with respect to,* any person reporting child abuse, abandonment, or neglect" to anyone not listed in the statute, without the written consent of the reporting person. *See* ch. 2019-49, §§ 1, 3, Laws of Fla. (amending § 39.202(2), (5), Fla. Stat., effective July 1, 2019, to add italicized language).

Accordingly, the Court amends the Florida Rules of Judicial Administration as reflected in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

---

2. All comments must be filed with the Court on or before December 17, 2019, with a certificate of service verifying that a copy has been served on the Committee Chair, Hon. Josephine Gagliardi, Lee County Justice Center, 1700 Monroe Street, Fort Myers, Florida 33901-3071, jgagliardi@ca.cjis20.org, and on the Bar Staff Liaison to the Committee, Krys Godwin, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, kgodwin@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until January 6, 2020, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, LAGOA, LUCK, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Judicial Administration

Honorable Josephine Gagliardi, Chair, Rules of Judicial Administration Committee, Fort Myers, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 2.420.     PUBLIC ACCESS TO AND PROTECTION OF JUDICIAL BRANCH RECORDS**

**(a) – (c)     [No Change]**

**(d)     Procedures for Determining Confidentiality of Court Records.**

(1)     The clerk of the court shall designate and maintain the confidentiality of any information contained within a court record that is described in subdivision (d)(1)(A) or (d)(1)(B) of this rule. The following information shall be maintained as confidential:

(A)     information described by any of subdivisions (c)(1) through (c)(6) of this rule; and

(B)     except as provided by court order, information subject to subdivision (c)(7) or (c)(8) of this rule that is currently confidential or exempt from section 119.07, Florida Statutes, and article I, section 24(a) of the Florida Constitution as specifically stated in any of the following statutes or as they may be amended or renumbered:

(i)     Chapter 39 records relating to dependency matters, termination of parental rights, guardians ad litem, child abuse, neglect, and abandonment. §§ 39.0132(3), 39.0132(4)(a), 39.202, Fla. Stat.

(ii) – (xxiii)   [No Change]

(2) – (5)     [No Change]

**(e) – (m)     [No Change]**

**Committee Note**

**[No Change]**

**2002 Court Commentary**

**[No Change]**

**2005 Court Commentary**

**[No Change]**

**2007 Court Commentary**

**[No Change]**

**2007 Committee Commentary**

**[No Change]**


**APPENDIX TO RULE 2.420**

**[No Change]**